[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10230
Non-Argument Calendar

_____

Agency No. A79-058-959

XIKANG ZOU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 18, 2005)

Before CARNES, MARCUS and FAY, Circuit Judges.

PER CURIAM:

XiKang Zou, a Chinese national proceeding pro se, petitions for review of the BIA's order denying his motion to reopen his proceedings. On appeal he argues that his marriage and wife's pregnancy constituted changed circumstances requiring that his proceedings be reopened and that his asylum claim is non-frivolous. For the reasons stated more fully below, we deny Zou's petition for review.

According to his notice to appear, Zou entered the United States at an unknown place and time. He was charged with being present in the United States without being admitted or paroled or arriving in the United States at a time or place other than as designated by the Attorney General, INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). Zou then filed an application for asylum and withholding of removal signed July 20, 2001. In his application, Zou indicated that he had arrived in the United States on June 13, 1999.

As to his asylum claim, Zou stated that he and his family were victims of China's family planning policies. Specifically, he claimed that his mother, while pregnant with Zou, was forced to flee her home in order to avoid a forced abortion, and the government retaliated by taking away home appliances, forcing his mother to be sterilized, and levying a fine. Sometime in 1990, government officers confronted his mother and Zou intervened, causing the officers to push him down, breaking his arm. Later, in 1997, Zou again was confronted by government officers over a fine, and eventually Zou left China in April 1999.

2

Zou secured counsel and admitted the allegations in the notice to appear as well as removability. Zou then testified that he was afraid to return to China because he would be put in jail and beaten. He explained that his hand was broken by the local village cadres after he pushed them while they were talking to his mother. Zou fled his home and returned several years later, at which point the cadre ordered him to pay a fine. Zou refused and eventually fled. He further testified that his mother had been sterilized in 1981, but later admitted that it did not occur until 1986. Zou also admitted telling arresting officers in the United States that he entered the country in 1995, contrary to his asylum application.

The IJ issued an oral decision, finding that Zou's application for asylum was time-barred and, in the alternative, found that Zou's claims lacked credibility and nothing that Zou had alleged happened to him rose to the level of persecution. It further found that Zou could not meet the higher standard for withholding of removal, did not qualify for relief under Article 3 of the United Nations Convention Against Torture, and knowingly had filed a frivolous application. Zou was thus ordered to be removed to China. Zou appealed the IJ's decision to the BIA, which affirmed on August 17, 2004. No petition for review was filed.

On November 16, 2004, Zou filed a pro se motion to reopen his proceedings with the BIA. In it, he argued that he had a new development in his case because he was now married and his wife was pregnant. He argued that he and his wife wanted

to have three children, which would violate China's family planning policies, giving him a well-founded fear of persecution. Included with the motion were a marriage certificate dated June 25, 2003, and a medical record.

On December 21, 2004, the BIA denied the motion to reopen, finding that the motion had been filed out of time because 90 days had transpired from the BIA's final order and the date Zou's motion had been received. It then construed Zou's statements regarding his asylum claim and China's coercive population control policies as falling within a regulatory exception for filing a motion to reopen based on "changed circumstances," but found that Zou had not established "changed circumstances" in China and, therefore, denied the motion. Zou then filed a petition for review of the BIA's decision on January 14, 2005.

**DISCUSSION:**

Because Zou's removal proceedings commenced after April 1, 1997, the effective date of IIRIRA, this case is governed by the permanent provisions of the INA, as amended by IIRIRA.[1] Gonzalez-Oropeza v. U.S. Attorney Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). We will review only the BIA's decision, except to the

---

[1] Pursuant to the REAL ID Act of 2005, this distinction appears to be irrelevant, as the Act provides that all petitions for review "filed under former section 106(a) of the Immigration and Nationality Act (as in effect before its repeal by section 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1252 note)) shall be treated as if it had been filed as a petition for review under section 242 of the Immigration and Nationality Act (8 U.S.C. 1252)." See Pub. L. 109-13, 119 Stat 231 (May 11, 2005).

extent that it expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (citation omitted).

On appeal, Zou argues that his motion to reopen should have been granted due to "changed circumstances." He argues that he and his wife want to have three children and that if he were returned to China, either he or his wife would be subjected to forced sterilization. Thus, he argues that he has a well-founded fear of persecution. He further argues that his asylum claim is non-frivolous and requests that this Court grant him asylum.

As a preliminary matter, to the extent Zou argues that the BIA's August 17, 2004, affirmance of the IJ's order of removal was in error, we lack jurisdiction to address the issue because a petition for review of that decision was not timely filed. This Court has jurisdiction over a "final order of removal," so long as the petition for review is filed within 30 days. INA §§ 242(a)(1) and (b)(1), 8 U.S.C. §§ 1252(a)(1) and (b)(1). Because Zou never filed a petition for review of the final order of removal, this Court lacks jurisdiction to review it and, therefore, any argument concerning the propriety of that order is dismissed.

"[We review] the BIA's denial of [a petitioner's] motion to reopen his deportation order for abuse of discretion. In this particular area, the BIA's discretion is quite broad." Gbaya v. United States Attorney General, 342 F.3d 1219, 1220 (11th Cir. 2003). Pursuant to 8 C.F.R. § 1003.2(a), "[t]he decision to

grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). A motion to reopen must be filed with the BIA no later than 90 days after the date on which the final administrative decision was rendered. 8 C.F.R. § 1003.2(c)(2). However, the time limitations set forth in paragraph (c)(2) do not apply to a motion to reopen proceedings, inter alia, to apply or reapply for asylum or withholding of deportation "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

We conclude that the BIA did not abuse its discretion by denying Zou's motion to reopen. First, as the BIA correctly found, Zou had 90 days from the BIA's August 17, 2004, order affirming the IJ's order of removal in which to file his motion to reopen. Thus, Zou had until November 15, 2004, to timely file his motion. His motion, however, was not filed until November 16, 2004, and, therefore, was untimely. 8 C.F.R. § 1003.2(c)(3). Furthermore, Zou failed to meet the one enumerated exception to the time limitations that he arguably could have qualified for because he did not demonstrate any changed circumstances arising out of his country of nationality and to which deportation was ordered, China. The fact

6

that he is now married and his wife is pregnant is not a change arising out of the People's Republic of China. Accordingly, the BIA did not abuse its discretion by correctly applying the 90-day filing requirement and time limitation to deny Zou's motion. We, therefore, deny Zou's petition for review.

**PETITION DENIED.**