

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2007

# Sarker v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5109

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sarker v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1310.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1310

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 05-5109

————————

MOHAMMED EMDADUL HAQUE SARKER,
                                              Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                              Respondent

————————

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
BIA File No. A76-506-649

————————

Submitted Under Third Circuit LAR 34.1(a)
November 8, 2006

Before:  SCIRICA, <u>Chief Judge</u>, McKEE and STAPLETON,
<u>Circuit Judges</u>

(Filed: April 13, 2007)

————————

OPINION

————————

McKEE, Circuit Judge

Mohammed Emdadul Haque Sarker petitions for review of the October 20, 2005, Order of the Board of Immigration Appeals denying his motion to reopen proceedings, and affirming the Immigration Judge's order of removal. For the reasons that follow, we will deny the petition.

## I.

Inasmuch as we write primarily for the parties who are familiar with the factual and procedural history of this appeal, we need not reiterate the facts except insofar as may be helpful to our brief discussion.

On November 16, 2004, Sarker, represented by new counsel, attorney Anser Ahmad, filed a second motion to reopen removal proceedings to contest proceedings that had culminated in Sarker being ordered removed *in absentia*. The motion alleged that Sarker's wife had filed an I-130 petition on his behalf, that Sarker had not received notice of the removal hearing mailed to his Philadelphia address, and that Sarker's former attorney, Marvic Thompson, provided ineffective assistance of counsel in relation to the first motion to reopen. The motion also stated that Sarker intended to file an ineffective assistance of counsel claim against Thompson. The IJ denied Sarker's second motion to reopen holding that it was barred by 8 C.F.R. § 3.23(b)(1) (1998) (corresponding provisions now codified at 8 C.F.R. 1003.23(b)(1), (4) (2005)), which allows only one morion to reopen absent certain circumstances that are not present here.

The BIA affirmed the IJ's determination that Sarker's second motion to reopen was barred by 8 C.F.R. § 1003.23(b)(4)(ii) (2005). The BIA also ruled that, even if the

2

motion were not barred based upon Sarker's allegation of ineffective assistance of counsel, Sarker failed to meet the requirements for establishing ineffective assistance of counsel under the procedure set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). This petition for review followed.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252 (2000). We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. *McAllister v. A.G. of the United States,* 444 F.3d 178, 185 (3d Cir. 2006).

As we recently explained in *Luntungan v. A.G. of the United States*, 449 F.3d 551, 555 (3d. Cir. 2006), the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 expressly limits the number of motions to reopen Sarker can file. *See* 8 C.F.R. 1003.23(b)(4)(ii) ("[a]n alien may file only one motion pursuant to this paragraph.").

Sarker claims that the numerical limitation should not be applied to him because he did not receive effective assistance of counsel for his first petition to reopen. Assuming *arguendo* that the single motion limitation does not apply to an alien who initially receives ineffective assistance of counsel in trying to reopen a removal proceeding after being ordered removed *in absentia*, we nevertheless agree with the BIA's conclusion that Sarker did not properly raise that claim here. In *Lu v. Ashcroft*, 259 F.3d 127, 132, we adopted the requirements for asserting a claim for ineffective assistance of counsel that had been set forth in *Matter of Lozada*, *supra*. *Lozada* requires that the motion alleging ineffective assistance of counsel must be supported by an affidavit "that sets forth in detail the agreement that was entered into with former counsel

3

with respect to the actions to be taken on appeal and what counsel did or did not represent to the respondent in this regard[.]" In addition, former counsel must be informed of the allegations and provided an opportunity to respond prior to appeal to the BIA. Where applicable, the motion should also state whether a complaint has been filed with appropriate professional disciplinary authorities and, if not, it should explain why no such complaint was filed. 19 I. & N. Dec. at 639.

Here, it is undisputed that Sarker twice filed motions to reopen removal proceedings. App. 16-27, 39-48. Thus, absent some exception, Sarker's second motion to reopen is numerically barred by the plain language of the governing statute and regulation. *See Luntungan,* 449 F.3d at 557.

Sarker does not precisely explain whether he is seeking an equitable tolling of time limits on motions to reopen or a "tolling" of the numerical limit on such motions. Petitioner's Br. at 13-14. However, under either theory, he must satisfy the *Lozada* requirements for raising a claim of ineffective assistance of counsel. As the Attorney General notes, Sarker's affidavit only states that Sarker "intends to file a Lozado (sic) claim against Attorney Thompson." App. 17. Sarker received a copy of the IJ's removal order on January 24, 2002. App. 16. He has been represented by his present counsel since November 2004. Sarker has therefore had sufficient time to comply with the requirements for raising an ineffective assistance of counsel claim. *See also Mahmood*, 427 F.3d at 252-53 (denying petition for review based on equitable tolling claim for want of due diligence). Accordingly, the BIA did not abuse its discretion in denying the instant motion to reopen.

4

Sarker also seeks relief based on his changed personal circumstances.  He is now married to a United States citizen and they have a child who is also a citizen.  Sarker's wife submitted an I-130 petition on his behalf promptly after their marriage.  Petitioner's Br. at 14-15.  As the Government correctly notes, the governing statute and regulation do not recognize this exception to the limitation imposed on motions to reopen.  Respondent's Br. at 12; *see* 8 U.S.C. 1229a(c)(7); 8 C.F.R. 1003.23(b)(4)(ii).  Rather, the regulations only recognize "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered," not the petitioner's changed personal circumstances here. 8 C.F.R. 1003.2(c)(3)(ii) (2005); *see, e.g., Haddad v. Gonzales,* 437 F.3d 515, 517 (6th Cir. 2005); *Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005).

## III.

For the foregoing reasons, we will deny the petition for review .