**YU LI, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES.**

**No. 07–1109.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 16, 2008.

Filed April 21, 2008.

---

Ephraim T. Mella, Philadelphia, PA, for Petitioner.

Richard M. Evans, Paul Fiorino, Paul F. Stone, United States Department of Justice Office of Immigration Litigation Washington, DC, for Attorney General of the United States.

Before: BARRY, M. SMITH and HARDIMAN, Circuit Judges.

## OPINION

PER CURIAM.

Yu Li petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing her appeal from an order of an Immigration Judge ("IJ") and denying her motion to remand. For the following reasons, the petition for review will be denied.

## I.

Li, a native and citizen of China, came to the United States in 1994 without a valid entry document and applied for asylum on the basis of political opinion. After the then-Immigration and Naturalization Service instituted removal proceedings, Li withdrew her application and the IJ granted her leave to voluntarily depart by September 14, 1997.

Li remained in the country instead, married another Chinese citizen here, and had two children, the second of whom was born in February 2003. In September 2004, she filed a motion to reopen her case on the basis of the birth of her second child, and the IJ granted the motion. The next month, she filed a second application for asylum, withholding of removal and relief under the Convention Against Torture. Li alleged that the birth of her second child constituted a changed circumstance that would subject her to China's family planning policies if she returned. The IJ denied the asylum application as untimely because Li had not filed it within one year of entering the country and because the IJ concluded that Li had not filed it within a "reasonable time" after the birth of her second child. *See* 8 C.F.R. § 1208.4(a)(4)(ii). The IJ also found Li removable, but granted withholding of removal to China.

Li appealed to the BIA (the government did not cross-appeal). While her appeal was pending, she filed a motion to remand her case to the IJ for consolidation with her husband's pending asylum application. The BIA affirmed the IJ's ruling that Li's asylum application was untimely and denied Li's motion to remand, but left undisturbed the IJ's grant of withholding of removal. Li petitions for review of the BIA's decision, and the Attorney General has filed a motion to dismiss the petition for review.

## II.

■ Li has not challenged the BIA's denial of her motion to remand, so that aspect of its decision is not before us. Li instead challenges only the denial of her asylum application. We have jurisdiction over final orders of removal under 8 U.S.C. § 1252(a).[1] Where, as here, "the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir.2004). Ordinarily, we would review the IJ's and BIA's legal conclusions de novo and their factual findings for substantial evidence. *See Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir.2005).

■ As the Attorney General argues, however, Li has not challenged the basis for the IJ's and BIA's denial of asylum. Li filed her second asylum application approximately one year and nine months after the birth of her second child, the changed circumstance that she asserts justifies the filing of her otherwise-untimely second asylum application. Neither the IJ nor the BIA decided whether or not the birth of Li's second child qualifies as a changed circumstance under 8 C.F.R. § 1208.4(a)(4)(i). Instead, they denied Li's second asylum application on the sole basis that she had not filed it within a reasonable time of that occurrence as required by 8 C.F.R. § 1208.4(a)(4)(ii).

In her brief, however, Li does not challenge that ruling or even mention that aspect of the BIA's decision. Instead, she erroneously asserts that "[b]oth the IJ and the BIA found that the birth of [her] two (2) children in the United States did not qualify as a change of circumstances that would excuse the late filing of [her] asylum application," and argues merely that the birth of her second child constitutes a changed circumstance and that she fears future persecution. As the Attorney General argues, she has thus waived any potentially-reviewable challenge to the BIA's decision.[2] *See Lie v. Ashcroft*, 396 F.3d

1. The BIA's decision denying asylum but granting withholding of removal constitutes a final order of removal under § 1252(a). *See Yusupov v. Att'y Gen.*, 518 F.3d 185, 194–197 (3d Cir.2008); *Viracacha v. Mukasey*, 518 F.3d 511, 513–515 (7th Cir.2008). In its decision, the BIA remanded the matter to the IJ pursuant to 8 C.F.R. § 1003.1(d)(6) for the limited purpose of allowing the government to complete security investigations and the like and for the IJ to complete whatever further proceedings might be necessary in that regard (and the IJ has since entered her final order). These administrative matters do not affect the finality of the BIA's decision. *See Yusupov*, 518 F.3d at 196–197; *Viracacha*, 518 F.3d at 513–514.

2. If the IJ and BIA *had* denied Li's second asylum application on the ground that she failed to show changed circumstances, we likely would lack jurisdiction to review that ruling. *See* 8 U.S.C. § 1158(a)(3); *Sun Wen Chen v. Att'y Gen.*, 491 F.3d 100, 105 (3d Cir.2007). The Attorney General argues that we also lack jurisdiction to review the IJ's and BIA's determination under 8 C.F.R. § 1208.4(a)(4)(ii) that Li failed to file her second asylum application within a reasonable time after the changed circumstance at issue. *See Haddad v. Gonzales*, 437 F.3d 515, 519 n. 7 (6th Cir.2006). Because Li has not challenged that ruling, we need not address this argument.

530, 532 n. 1 (3d Cir.2005); *Nagle v. Alspach,* 8 F.3d 141, 143 (3d Cir.1993). Accordingly, Li's petition for review will be denied. The Attorney General's motion to dismiss is also denied.