[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15594
Non-Argument Calendar
_____

BIA No. A73-874-193

KIANANUA VUNZI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(July 8, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Kiananua Vunzi petitions for review of the decision of the Board of

Immigration Appeals that denies his motion to reopen. Vunzi argues that the Board abused its discretion when it denied his motion as untimely after he allegedly established changed circumstances in the Democratic Republic of Congo. We deny the petition.

We review the denial of a motion to reopen for abuse of discretion. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005). The review is "limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Id. (internal quotation omitted). The BIA shall not grant a motion to reopen "unless . . . [the] evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). A motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." Id. § 1003.2(c)(2). The deadline is "mandatory and jurisdictional," Abdi, 430 F.3d at 1150, but does not apply to a motion to reopen "[t]o apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality[,] . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." Id. § 1003.2(c)(3)(ii).

2

Vunzi concedes that his motion was untimely, but contends that he presented sufficient evidence of changed circumstances. The Board dismissed Vunzi's appeal on November 30, 2004, and he did not move to reopen his proceedings until July 19, 2007. Vunzi submitted affidavits from his mother and son that the Congo government arrested, detained, and tortured his family members because of Vunzi's political activities in the United States with the Union for Democracy and Social Progress. Vunzi's argument fails.

The Board did not abuse its discretion when it denied the motion to reopen as untimely. The Board found that Vunzi's evidence involved a change in personal circumstances, not a change in country conditions. Changed personal circumstances do not qualify as "changed circumstances" under section § 1003.2(c)(3)(ii). See He v. Gonzales, 501 F.3d 1128, 1132 (9th Cir. 2007); Haddad v. Gonzales, 437 F.3d 515, 517-18 (6th Cir. 2006); Wang v. Bd. of Immigration Appeals, 437 F.3d 270, 273 (2d Cir. 2006); Zhao v. Gonzales, 440 F.3d 405, 407 (7th Cir. 2005). The Board also found that Vunzi's evidence included undated photocopies of affidavits and Vunzi failed to explain "why he was unable to submit the originals." Substantial evidence supports these findings.

**PETITION DENIED.**

3