NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0773n.06
Filed: December 19, 2008

No. 07-3638

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ZI-MEI GUO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF A |
| | ) | FINAL ORDER OF THE BOARD OF |
| MICHAEL B. MUKASEY, Attorney General of the | ) | IMMIGRATION APPEALS |
| United States, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Before: DAUGHTREY and KETHLEDGE, Circuit Judges; RESTANI, Judge.[*]

KETHLEDGE, Circuit Judge. Petitioner Zi-Mei Guo (Guo), a female Chinese native and citizen, petitions for review of the decision of the Board of Immigration Appeals (BIA) denying her motion to reopen removal proceedings as untimely filed. We conclude that the BIA did not abuse its discretion in denying Guo's motion, and therefore deny her petition.

I.

On or about August 28, 2001, Guo attempted to gain entry into the United States through Detroit, Michigan. She was deemed ineligible, and on November 19, 2001, the former Immigration

---

[*]The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

and Nationalization Service—now part of the Department of Homeland Security—served Guo with a Notice to Appear (NTA). The NTA charged Guo with being removable as an immigrant not in possession of a valid unexpired immigrant visa or other valid entry document, in violation of § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(7)(A)(i)(I).

On December 10, 2001, Guo appeared before an Immigration Judge (IJ), admitted the charges in the NTA, and conceded removability. On January 28, 2002, Guo applied for asylum, withholding of removal, and protection under the Convention Against Torture. After a hearing on the issues, the IJ found Guo to be incredible, denied her application, and ordered her removed to China. Guo appealed to the BIA, which deferred to the IJ's credibility determination and dismissed the appeal on May 20, 2002. Guo did not file a petition for review of that decision.

On March 19, 2007, Guo filed an untimely motion to reopen the decision, claiming that country conditions in China had changed since her 2002 removal proceeding. Specifically, Guo maintained that foreign-born children were now being counted for purposes of China's one-child policy (violation of which allegedly results in sterilization of the mother), and that she was the mother of two children, born in the United States in 2003 and 2006. Additionally, Guo asserted that she feared torture if removed to China as a result of her membership in a particular social group, namely, "repatriated Chinese citizens." Guo did not proffer supporting evidence for either claim; instead, she asked the BIA to take administrative notice of documents it had previously considered. *See Shou Yung Guo v. Gonzalez*, 463 F.3d 109 (2d Cir. 2006) (remanding case to BIA for consideration of documents regarding China's one-child policy); *Lian v. Ashcroft*, 379 F.3d 457 (7th

Cir. 2004) (remanding case to IJ for consideration of torture claim). Finally, Guo requested the BIA reopen her removal proceedings *sua sponte*.

On April 26, 2007, the BIA denied Guo's petition as untimely filed. It held that the birth of Guo's children in the time since her removal proceeding was a change in personal circumstances rather than evidence of changed country conditions in China. Additionally, the BIA did not consider Guo's torture claim because the documents discussed in *Lian* were available at the time of her 2002 removal proceeding. Moreover, the BIA stated that it would not engage in factfinding beyond taking administrative notice of commonly known facts, and therefore did not consider the documents discussed in *Shou Yung Guo*. The BIA also found that Guo failed to present the exceptional circumstances required to support a *sua sponte* reopening.

This petition for review followed.

## II.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Fang Huang v. Mukasey*, 523 F.3d 640, 654 (6th Cir. 2008). "An abuse of discretion can be shown when the [BIA] offers no rational explanation, inexplicably departs from established policies, or rests on an impermissible basis such as invidious discrimination against a particular race or group." *Id.* (internal quotation marks, citations and alterations omitted).

Generally, an alien may file only one motion to reopen removal proceedings, and must do so within ninety days of the final administrative removal decision. 8 U.S.C. § 1229a(c)(7)(A) & (c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). This deadline is not enforced, however, with respect to motions to reopen based on "changed circumstances arising in the country of nationality or in the

country to which deportation has been ordered." 8 C.F.R. § 1003.2(c)(3)(ii). Guo seeks to invoke that exception here.

The BIA held, however, that the birth of Guo's two children in the United States in the time since her removal proceedings constituted a change in *personal* circumstances rather than evidence of changed *country* conditions. Binding precedent in this circuit requires us to agree. *See Haddad v. Gonzalez*, 437 F.3d 515, 518 (6th Cir. 2006) ("Haddad's divorce was a purely personal change in circumstances that does not constitute changed conditions or circumstances in Jordan"). Other circuits agree as well. *See id.* at 519 (collecting cases holding that various familial changes—divorce, birth of children, marriage, pregnancy, death of parents—are changes in personal circumstances that fail to constitute changed country conditions).

Therefore, Guo's motion—filed almost five years after her removal proceedings—was subject to the ninety-day time limit, and the BIA correctly denied it as untimely.

III.

For this reason, we deny the petition.