**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0845n.06
Filed: October 14, 2005

No. 03-4469

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ESMERALDA SELAMI, | ) | |
| | ) | |
| **Petitioner,** | ) | **ON PETITION FOR REVIEW** |
| | ) | OF AN ORDER OF THE |
| v. | ) | BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ALBERTO GONZALES, UNITED | ) | |
| STATES ATTORNEY GENERAL, | ) | |
| | ) | **O P I N I O N** |
| **Respondent.** | ) | |
| _____ | ) | |

**Before: DAUGHTREY, MOORE, and McKEAGUE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Petitioner, Esmeralda Selami ("Selami"), seeks review of a final order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") to deny her request for asylum under the Immigration and Nationality Act ("INA"). The IJ found that her husband, Abedin Selami, was not credible because he had submitted a fraudulent newspaper article in support of his asylum claim, and therefore denied his asylum request. In her petition for review, Selami argues that she did not receive a fair hearing because (1) her asylum claim was joined with her husband's application and (2) her testimony at the removal hearing in support of his claim was interrupted. Upon review, we conclude that we must **DISMISS** for lack of jurisdiction her petition for review.

# I. BACKGROUND

Selami is a thirty-three-year-old native and citizen of Albania. She entered the United States in May 2000 along with her husband, Abedin Selami, and son, Donald Selami (collectively, the "Selamis"), using false Italian passports. On June 15, 2000, Abedin Selami filed an asylum application, which included Selami and their son as derivative applicants pursuant to 8 U.S.C. § 1158(b)(3)(A). The former Immigration and Naturalization Service[1] ("INS") rejected the asylum claim and charged the Selamis with being subject to removal under § 212(a)(6)(A)(i) of the INA, 8 U.S.C. § 1182(a)(6)(A)(i).

The IJ conducted a hearing on the merits of Abedin Selami's asylum application on May 10, 2001 and September 11, 2001. On the latter date, Selami testified in support of her husband's asylum claim. It appears from the record that her testimony was interrupted upon receipt of news of the terrorist attacks which occurred that morning.[2] On March 29, 2002, without accepting any additional testimony, the IJ issued a written decision denying Abedin Selami's asylum application. The IJ's decision was based primarily upon Abedin Selami's submission of a fraudulent newspaper article. Therefore, the IJ concluded that Abedin Selami lacked credibility and found his asylum application to be frivolous pursuant to § 208(d)(6) of the INA, 8 U.S.C. § 1158(d)(6). On October

---

[1]The INS no longer exists as an agency within the Department of Justice. After March 1, 2003, the Border and Transportation Security Directorate in the Department of Homeland Security ("DHS") assumed its duties pursuant to § 441 and § 471 of the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. The abolishment of the agency and the transfer of its functions do not affect the outcome of this case.

[2]In her brief, Selami states that news of the September 11th terrorist attacks in New York and Washington interrupted her testimony. Pet'r Br. at 4. It is unclear from the record what exactly was the precise reason for the suspension of the hearing. *See* Joint Appendix at 241 (Removal Hr'g Tr. at 185).

15, 2003, the BIA affirmed the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4). Selami now petitions this court for review.

## II. ANALYSIS

The first argument that Selami raises in her petition is that she was denied a meaningful review of her individual asylum claim because her claim was joined with her husband's case. Because Selami never filed a separate asylum claim, we are without jurisdiction to hear her appeal.

Pursuant to the INA, an alien who is present in the United States may apply for asylum on the grounds that she qualifies as a "refugee," which is defined as one "who is unable or unwilling to return to . . . [her home country] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1158(b)(1)(A), 1101(a)(42)(A). The alien must complete the I-589 form and file it within one year of her arrival in the United States. 8 C.F.R. §§ 1208.3(a), 1208.4(a)(2)(i)(A). The alien who files the asylum form, referred to as the "principal" asylum applicant, may confer asylum status on a spouse and child, who join the alien's claim, otherwise known as a "derivative" asylum applicant. 8 U.S.C. § 1158(b)(3); 8 C.F.R. § 1208.21(a). Thus, as the name implies, the derivative applicants do not file asylum claims of their own, but instead rely on the principal applicant's claim for relief. *See, e.g., Rashiah v. Ashcroft*, 388 F.3d 1126, 1128 n.2 (7th Cir. 2004).

In this case, Selami was only a derivative asylum applicant and never filed a separate, independent asylum claim on her own. In her brief to this court, Selami argues in several places that she was denied a fair opportunity to establish an asylum claim in her own right. To the extent that her arguments pertain to an unfiled asylum claim separate and independent from that which was filed by her husband, Abedin Selami, we are simply without jurisdiction to hear these arguments on

3

appeal. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").

At oral argument Selami's counsel asserted that Salami and her husband were divorced five months prior to the BIA's order affirming the IJ's denial of her husband's asylum application and that she no longer qualified for derivative status because of the divorce. Citing 8 C.F.R. § 1208.4(a)(4)(i)(C), Selami's counsel requested that we remand Selami's case to the BIA because of Selami's changed circumstances so that she could file an asylum application in her own right. The government counsel agreed that a divorce constitutes changed circumstances such that Selami would not be bound by the adverse decision in her ex-husband's case. However, the government noted that Selami's remedy lies in 8 C.F.R. § 1208.4(a)(4)(ii), which permits Selami to "file an asylum application within a reasonable period given those 'changed circumstances.'" The government suggested that Selami's appropriate remedy is to file with the BIA a motion to reopen accompanied by her own asylum application. Again at this point we are without jurisdiction to consider Selami's arguments. *See* 8 U.S.C. § 1252(d)(1). Accordingly, this part of her argument must be dismissed as well.

Selami claims in her petition that her due process rights were violated because she was not permitted to finish testifying in support of her husband's asylum claim. Because Selami's divorce eliminates her derivative status, we no longer have jurisdiction to review this claim. In any event, were we to review the claim we would conclude that Selami has failed to identify any prejudice which resulted from the denial of her opportunity to testify further on her husband's behalf and, therefore, that this argument is unpersuasive.

## III.  CONCLUSION

Therefore, we **DISMISS** for lack of jurisdiction Selami's petition for review.