*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0051p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

HANAN HADDAD,

　　　　　　　　　　　　　*Petitioner,*

　　　*v.*

ALBERTO R. GONZALES, Attorney General,

　　　　　　　　　　　　　*Respondent.*

No. 04-4296

---

On Petition for Review of an Order
of the Board of Immigration Appeals.
No. A73 035 535

Argued: January 24, 2006

Decided and Filed: February 9, 2006

Before: MOORE and McKEAGUE, Circuit Judges; POLSTER, District Judge.[*]

---

**COUNSEL**

**ARGUED:** Russell R. Abrutyn, MARSHAL E. HYMAN & ASSOCIATES, Troy, Michigan, for Petitioner. S. Delk Kennedy, Jr., ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Respondent. **ON BRIEF:** Russell R. Abrutyn, Marshal E. Hyman, MARSHAL E. HYMAN & ASSOCIATES, Troy, Michigan, for Petitioner. S. Delk Kennedy, Jr., ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Respondent.

---

**OPINION**

---

KAREN NELSON MOORE, Circuit Judge. Petitioner Hanan Haddad ("Haddad"), a Jordanian citizen, petitions for review the decision of the Board of Immigration Appeals ("BIA" or "Board") denying as untimely her motion to reopen removal proceedings. Haddad argues that the BIA erred because her divorce constitutes a "changed circumstance" that makes the usual deadline inapplicable to her. This exception requires changed *country* (not personal) circumstances, however, so Haddad was subject to the deadline. Because the motion to reopen was filed late, we **DENY** Haddad's petition for review.

---

[*]The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

# I. BACKGROUND

The facts of this case are basically undisputed. Haddad and her then-husband, Khalid Ishaq ("Ishaq"), entered the United States on B-2 nonimmigrant visitor visas in 1994 and 1993, respectively.[1] In 1996, the Immigration and Naturalization Service initiated removal proceedings against Ishaq and Haddad. Conceding removability, Ishaq and Haddad applied for asylum or withholding of removal. Ishaq (the principal applicant) included Haddad and their children (derivative applicants) in his application.[2] On April 30, 1999, the Immigration Judge ("IJ") denied the application for asylum or withholding of removal, finding both Ishaq and Haddad lacking in credibility. The IJ did, however, grant voluntary departure to Jordan. On December 10, 2002, the BIA affirmed the IJ's decision without opinion. A panel of this court denied Ishaq's petition for review because substantial evidence supported the IJ's decision. *Ishaq v. INS*, No. 03-3020 (6th Cir. Feb. 9, 2005) (unpublished order).

Before the denial of the petition for review, Haddad moved this court to remand her case to the BIA to permit her to file a new asylum application because she had divorced Ishaq on June 27, 2001.[3] A panel of this court denied Haddad's motion and referred Haddad to "the established procedures for moving to reopen [her case] and seek[ing] additional relief before the Board." *Ishaq v. Ashcroft*, No. 03-3020 (6th Cir. Aug. 9, 2004) (unpublished order).

On August 17, 2004, Haddad filed with the BIA a motion to reopen accompanied by an asylum application. The BIA construed the motion to be exempt from the usual ninety-day deadline for motions to reopen because it was based on the changed circumstance of Haddad's divorce. The Board denied the motion as untimely because, given the nineteen months that had elapsed since the initial appeal was denied and the thirty-nine months that had elapsed since the divorce, it had not been filed "in a 'reasonable' time."[4] J.A. at 9 (BIA Decision of Oct. 1, 2004)

Haddad now petitions for review.

---

[1] There is some ambiguity with respect to Haddad's date of entry. The asylum application attached to Haddad's motion to reopen reports a first entry in 1992 and a second on September 10, 1994. Ishaq's asylum application indicates entry on February 9, 1993. Because the date does not affect the appeal, we use the date contained in Haddad's brief: September 10, 1994.

[2] Subject to certain exceptions, a spouse or child of an alien granted asylum may also be granted asylum, even if she would not otherwise be eligible. 8 U.S.C. § 1158(b)(3)(A); 8 C.F.R. § 1208.21(a). The regulations make a spouse's receipt of this derivative benefit contingent on the spousal relationship being in existence when the principal alien's asylum application is approved. 8 C.F.R. § 1208.21(b).

[3] We note that Haddad's divorce occurred *before* the BIA affirmed the IJ's denial of Ishaq's (and derivatively, Haddad's) asylum application. The BIA very well might have severed Haddad's case from Ishaq's appeal if Haddad had simply asked. *See Tzankov v. INS*, 107 F.3d 516, 517 n.1 (7th Cir. 1997) (noting that the BIA granted such a request and remanded the derivative applicant's case to the IJ for a hearing).

[4] The Board's arithmetic appears to be slightly mistaken. Twenty months and one week elapsed between December 10, 2002 (the date that the BIA affirmed the IJ's denial of Ishaq and Haddad's petition) and August 17, 2004. Thirty-seven months and three weeks elapsed between June 27, 2001 (the date of Haddad and Ishaq's divorce) and August 17, 2004.

## II. ANALYSIS

### A. Jurisdiction and Standard of Review

We have jurisdiction to review the denial of a motion to reopen. 8 U.S.C. § 1252(a); *Prekaj v. INS*, 384 F.3d 265, 268 (6th Cir. 2004). "The decision to grant or deny a motion to reopen . . . is within the discretion of the Board." 8 C.F.R. § 1003.2(a). Accordingly, we review the BIA's denial of a motion to reopen for an abuse of discretion. *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (citing *INS v. Abudu*, 485 U.S. 94, 107-08 (1988)); *Harchenko v. INS*, 379 F.3d 405, 409 (6th Cir. 2004) (citing *INS v. Doherty*, 502 U.S. 314, 323-24 (1992)). This standard requires us to "'decide whether the denial of [the] motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Allabani*, 402 F.3d at 675 (alterations in original) (quoting *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)). We review de novo legal issues. *Harchenko*, 379 F.3d at 409.

### B. Merits

An alien may usually file only one motion to reopen removal proceedings. 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). The motion typically must be filed within ninety days of the final administrative decision sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). The ninety-day deadline does not apply, however, if the motion to reopen is made in order to apply for asylum and "is based on *changed country conditions* arising in the country of nationality or the country to which removal has been ordered," as long as such changes are "material and [were] not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii) (emphasis added); *see also* 8 C.F.R. § 1003.2(c)(3)(ii) (using the phrase "*changed circumstances* arising in the country of nationality or in the country to which deportation has been ordered" (emphasis added)).

The BIA's decision denying Haddad's motion to reopen proceeded in two steps. The Board first construed Haddad's motion — which was based on the changed circumstance of her divorce — to come within the "changed circumstances" exception of 8 C.F.R. § 1003.2(c)(3)(ii). The Board then rejected the motion because it was not filed within a reasonable time after the divorce.

The BIA's first step was erroneous; correction of the first step makes the second step unnecessary. Haddad's divorce was a purely personal change in circumstances that does not constitute changed conditions or circumstances in Jordan. *E.g.*, *Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (holding that the alien's wife's arrival in the United States and her pregnancy were not changed circumstances under 8 C.F.R. § 1003.2(c)(3)(ii)); *Guan v. Bd. of Immigration Appeals*, 345 F.3d 47, 49 (2d Cir. 2003) (birth of children); *Zhao v. Gonzales*, No. 05-2398, 2005 WL 3408040, at *2 (7th Cir. Dec. 13, 2005) (unpublished order) (birth of children); *Rahro v. Gonzales*, 150 F. App'x 727, 727-28 (9th Cir. 2005) (unpublished memorandum) (marriage); *Zou v. U.S. Att'y Gen.*, 141 F. App'x 885, 887-88 (11th Cir. 2005) (unpublished opinion) (marriage and wife's pregnancy); *Kandio v. Gonzales*, 132 F. App'x 851, 854 (1st Cir. 2005) (unpublished opinion) (death of parents). Without a showing of changed country conditions, Haddad was subject to the ninety-day deadline for filing a motion to reopen. Because it was filed on August 17, 2004, more than twenty months after the BIA's December 10, 2002 affirmance of the IJ's decision, Haddad's motion to reopen was untimely. Therefore, the BIA did not abuse its discretion by denying the motion.

\* \* \*

The denial of Haddad's petition for review is somewhat unsatisfying because a panel of this court arguably suggested that Haddad file a motion to reopen on the basis of her divorce.[5] *See Ishaq v. INS*, No. 03-3020 (6th Cir. Aug. 9, 2004) (unpublished order). The above analysis shows, however, that such a suggestion would have been in error, as the statute, regulations, and cases make clear that a late motion to reopen is not excused by one's divorce.

Yet the denial of her motion to reopen does not leave Haddad without the possibility of any remedy, as she may file a new asylum application.[6] Although an alien generally may apply for asylum only within one year of arriving in the United States and may not file successive applications, 8 U.S.C. § 1158(a)(2)(B)-(C), untimely and/or successive applications "may be considered . . . if the alien [satisfactorily] demonstrates . . . changed circumstances which materially affect the applicant's eligibility for asylum." *Id.* § 1158(a)(2)(D). The regulations clarify that "[i]n the case of an alien who had previously been included as a dependent in another alien's pending asylum application" (as is the case with Haddad), changed circumstances in the asylum-application context include "the loss of the spousal or parent-child relationship to the principal applicant through marriage, *divorce*, death, or attainment of age 21." 8 C.F.R. § 1208.4(a)(4)(i)(C) (emphasis added). It may seem odd that an asylum application that would not be considered when attached to a motion to reopen very well might be considered when simply filed anew under 8 U.S.C. § 1158, but this result is required by the statute and regulations. Thus, Haddad may still pursue this avenue of relief.[7] *Guan*, 345 F.3d at 49.

## III. CONCLUSION

For the reasons set forth above, we **DENY** Haddad's petition for review.

---

[5]We faced similar circumstances in *Selami v. Gonzales*, No. 03-4469, 2005 WL 2640977 (6th Cir. Oct. 14, 2005) (unpublished opinion). As is the case here, Selami's asylum application was derivative to her husband's principal application. And much like Haddad, Selami was divorced before the BIA affirmed the IJ's denial of her husband's (and derivatively, her) asylum application. Selami petitioned for review, but we dismissed for lack of jurisdiction because she had filed no independent asylum application of her own. We noted that the government suggested that Selami file a motion to reopen accompanied by her own asylum application, which is, of course, what Haddad did here. Because we did not actually endorse this procedure, and in any event it is incompatible with the statute and regulations, *Selami* neither governs nor is inconsistent with the instant case.

[6]The denial of her husband's asylum application does not eliminate the possibility of Haddad being granted asylum based on her own, separate application. 8 C.F.R. § 1208.14(f).

[7]There is no guarantee, however, that relief will be granted. A new asylum application may be deemed untimely, 8 C.F.R. § 1208.4(a)(4)(ii) ("The applicant shall file an asylum application within a *reasonable period* given those 'changed circumstances.'" (emphasis added)), and we are without jurisdiction to review denials on that ground, 8 U.S.C. § 1158(a)(3); *Castellano-Chacon v. INS*, 341 F.3d 533, 544 (6th Cir. 2003).