**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  08a0017n.06
Filed:  January 8, 2008

**06-3799**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CARLOS GORDON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| MICHAEL MUKASEY, United States | ) | |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before:  RYAN and DAUGHTREY, Circuit Judges; COHN,[*] District Judge.

PER CURIAM.   We have before us a petition for review of a decision of the Board of Immigration Appeals (BIA) denying petitioner Carlos Gordon's motion to reopen his case to permit consideration of his application for adjustment of status by the Department of Homeland Security.  The application would constitute Gordon's second attempt to avoid removal from the United States as an illegal alien through adjustment of status based on marriage to an American citizen.

Gordon is a native of Jamaica who entered the United States as a non-immigrant visitor in April 2000 and overstayed his visa, eventually marrying Nicole Johnson, a United

---

[*]The Hon. Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

States citizen, on February 14, 2001. The couple separated less than a year later, and Gordon's initial application for adjustment of status was denied in September 2001, as the result of Johnson's withdrawal of her I-130 Petition for Alien Relative. An immigration judge ordered Gordon's removal in August 2004, denying both withholding of removal and relief under the United Nations Convention Against Torture. The BIA affirmed that decision on December 1, 2005.

Gordon claims that sometime shortly after the BIA's decision came down, he and Johnson reconciled and once again began living together as husband and wife. As a result, Johnson filed a new I-130 petition on Gordon's behalf in January 2006, a petition that is apparently still pending resolution. Approximately one month later, Gordon filed a motion before the BIA, seeking to reopen his case in order to apply for adjustment of status pending the approval of Nicole's I-130 visa petition.

The BIA denied the motion to reopen, finding both "the previous withdrawal by [Johnson] of the original visa petition she filed [on the petitioner's] behalf to be a significant factor to be considered" and also "the timing of the [couple's] reconciliation to be somewhat suspect." In its written decision in this matter, the Board furthermore explained:

> [W]e find the evidence presented in support of [Gordon's] motion to be somewhat scant and limited, and insufficient to demonstrate the bona fides of the marriage. It consists only of [an apartment] lease, the I-864, the G-325 forms, and some pictures and cards. [The government] correctly noted in its Opposition that the first two pages of the I-864 executed by [Johnson] are missing . . . . In addition, while the motive for the alteration of the lease is unclear, it does appear that the page numbers were changed. Examples

of other types of evidence which could have been submitted to demonstrate the bona fides of the marriage include evidence of a joint bank account to show commingling of financial resources, joint utility bills, joint insurance policies, or affidavits of third parties having knowledge of the bona fides of the marital relationship. None of these was presented.

We have consistently recognized that "a motion to reopen should not be granted unless the petitioner makes a *prima facie* showing that the statutory requirements for the underlying relief have been met." *Yousif v. INS*, 794 F.2d 236, 241 (6th Cir. 1986). Nevertheless, "even if the petitioner meets his burden of showing a *prima facie* case of eligibility, the Board may, within its discretion, deny the motion." *Id.* Because the decision of the Board whether to grant or to deny a motion to reopen is thus within the sound discretion of the BIA, *see* 8 C.F.R. § 1003.2(a); *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006), we will not overturn it unless "the denial of [the] motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (citing *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)).

There simply was no such deficiency in this case. The BIA explicitly determined that Gordon failed to establish *prima facie* eligibility for adjustment of status based upon a marriage to an American citizen, observing that Gordon's application to reopen did not contain any of the usual indications of a *bona fide* marriage relationship with Nicole Johnson. Most of the exhibits that the petitioner did attach to his motion – the couple's

marriage license from 2001, pictures from the wedding ceremony, undated photographs of the couple, and undated notes written by one or the other of the couple – are, moreover, wholly irrelevant to a determination of whether the couple was truly living together as husband and wife in 2006.  The only evidence of that fact produced by the petitioner was a copy of an apartment lease purportedly signed by Gordon and Johnson on December 15, 2005, exactly two weeks *after* the  BIA's decision upholding the immigration judge's decision denying Gordon withholding of removal and relief under the Convention.  We agree with the Board that the suspicious timing of the lease, as well as the absence of any additional evidence – such as receipts for the payment of rent on the apartment, utility bills in the name of both Gordon and Johnson, and similar indicia of a legitimate, ongoing marriage – severely undercuts the possible finding of a *prima facie* case.  Certainly, we cannot say that the denial of the motion to reopen constituted an abuse of discretion under the significantly deferential standard of *Yousif*.

"*Prima facie* evidence, according [to] the BIA, is evidence that 'reveals a reasonable likelihood that the statutory requirements for relief have been satisfied.'"  *Alizoti v. Gonzales*, 477 F.3d 448, 452 (6th Cir. 2007) (quoting *Matter of S– V–*, 22 I&N Dec. 1306, 1308 (BIA 2000)).  We conclude that the existence of two signatures on a form lease, without more, is wholly inadequate to establish a *prima facie* case that a married couple, separated for over four years, has resumed cohabitation under circumstances that would establish a *bona fide* marriage under the immigration statutes.  There is no basis upon which to overturn the ruling of the BIA in this matter.

For this reason, we DENY the petition for review.