**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0629n.06
Filed: October 17, 2008

**No. 07-4038**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| HUI YAN WANG, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW FROM A |
| | ) | FINAL ORDER OF THE BOARD OF |
| MICHAEL B. MUKASEY, | ) | IMMIGRATION APPEALS |
| Attorney General of the United States, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: BATCHELDER, CLAY and SUTTON, Circuit Judges.

SUTTON, Circuit Judge. Hui Yan Wang, a native and citizen of China, seeks review of a decision by the Board of Immigration Appeals denying her successive asylum application. Because she was barred from presenting a successive petition, and because the Board correctly determined that her petition would be numerically barred if construed as a motion to reopen, we deny the petition for review.

I.

Born in China, Wang sought admission to enter the United States in 2000. Admitting that she was removeable due to her lack of documentation, she requested asylum, alleging that she feared that Chinese authorities would sterilize her if she returned. After a 2003 hearing, the Immigration Judge denied her petition, finding that her claims of persecution were "deliberately fabricated" and that there was "no evidence" that she would be persecuted upon her return. JA 74–75. The Board adopted and affirmed this decision in 2005, and Wang did not ask this Court to review it. Wang filed a motion to reopen her case later that year, which the Board denied

On March 5, 2007, Wang filed a document captioned "Motion to Reopen and Request for New Hearing to Allow Submission of a New and Subsequent Asylum Application," JA 4, asserting that she had given birth to three children in the United States, which she believed would increase the likelihood that Chinese authorities would sterilize her if she returned to that country. Wang insisted that this filing, despite its title, was "not a motion to reopen" but rather "a request for a new hearing to allow submission of a new asylum application." JA 4. The Board nevertheless treated the filing as a second motion to reopen and held that it was barred by 8 C.F.R. § 1003.2(c)(2), given Wang's failure to show changed country circumstances.

II.

In her petition for review, Wang argues that the Board erred when it determined that her 2007 filing was a "motion to reopen" within the meaning of 8 C.F.R. § 1003.2(c), JA 2, rather than a successive asylum application. She argues that, by filing a new application under 8 U.S.C. § 1158(a)(2)(D), she can evade the normal limits on successive motions to reopen asylum proceedings, *see* 8 C.F.R. § 1003.2(c). Wang is not entitled to relief for at least two reasons.

First, Wang's successive petition for asylum is procedurally barred because she has not filed a motion to reopen. "[Sections] 1158(a)(2)(D) and 1229a(c)(7)(C)(ii) of Title 8 . . . require[] an alien subject to a final order of removal for 90 days or more to make a successful motion to reopen her proceedings prior to consideration of a successive application for asylum." *Zhang v. Mukasey*, __ F.3d ___, No. 07–3355, 2008 WL 4489268, at *8 (6th Cir. Oct. 8, 2008). Wang has not made a successful motion to reopen, so her successive petition is invalid.

Nor did the Board err by determining that Wang was not entitled to reopen her proceedings. In her filing, she expressly stated that she did not wish to reopen her former case. JA 4 ("This

request . . . is not a motion to reopen . . . and should not be construed as such a motion."). At any rate, she can prevail on a second motion to reopen only if she can show that it is "based on changed circumstances arising in" China. 8 C.F.R. § 1003.2(c)(3)(ii). But Wang does not argue that conditions have changed in China; she argues only that her *own* conditions have changed because she has given birth to additional children. It is the rare individual for whom a change in individual circumstances will prompt a change in a country's circumstances. *See Haddad v. Gonzales*, 437 F.3d 515, 517–18 (6th Cir. 2006). The Board thus correctly observed that her petition, if construed (against her will) as a successive motion to reopen, still would be barred by her failure to show a change of circumstances in China.

Second, adding to Wang's problems, her petition independently is barred at least in part by her prior frivolous asylum application. After her 2003 hearing, the Immigration Judge found "numerous material inconsistencies" between Wang's application for asylum and her subsequent testimony: She claimed that her father had died in a fishing accident but later admitted that both her parents were alive; she claimed that Chinese authorities had forced her to have an examination to determine whether she was pregnant but later denied having undergone any pregnancy testing; and she claimed that "[a]lthough [Wang and her boyfriend] were innocent in China, now we are able to reunit[e] and I am truly pregnant" but later admitted that her boyfriend remained in China, JA 74. Even worse, during her credible-fear interview, Wang claimed that "[t]hey took me away and made me have an abortion," JA 99, but she admitted during her hearing that she had not been pregnant at the time.

Based on these inconsistencies, the Immigration Judge determined that Wang's asylum application was based on "deliberately fabricated" claims of persecution, JA 74, and this finding was later adopted by the Board. That means Wang is "permanently ineligible for [asylum] benefits," 8

3

U.S.C. § 1158(d)(6); *see* 8 C.F.R. § 1208.20, prompting the Board correctly to find that Wang is "statutorily precluded from applying for any form of relief other than withholding of removal," JA 3 n.1.  Accordingly, to the extent Wang means to argue that she is eligible for asylum (as opposed to the higher showing required for withholding of removal, *see Fang Huang v. Mukasey*, 523 F.3d 640, 650–51 (6th Cir. 2008)), her petition is subject to this second bar as well.

III.

For these reasons, we deny the petition for review.