NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0259n.06
Filed: April 3, 2009

**No. 08-3608**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| ADOLFO VALLEJO-PANTOJA, | ) | |
| | ) | |
| Petitioner, | ) | PETITION FOR REVIEW OF A |
| | ) | FINAL ORDER OF THE BOARD OF |
| v. | ) | IMMIGRATION APPEALS |
| | ) | |
| ERIC H. HOLDER, UNITED STATES | ) | |
| ATTORNEY GENERAL, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

---

**BEFORE: KETHLEDGE and WHITE, Circuit Judges; and POLSTER, District Judge.**[*]

**Dan Aaron Polster, District Judge.** The Board of Immigration Appeals dismissed Petitioner's appeal of the Immigration Judge's denial of his motion to reopen removal proceedings under the Immigration and Nationality Act. Petitioner seeks review of the Board of Immigration Appeals' decision. Because the Board of Immigration Appeals did not abuse its discretion in dismissing Petitioner's appeal, we deny the petition for review.

**I.**

Petitioner Adolfo Vallejo-Pantoja ("Petitioner"), a citizen of Mexico, entered the United States without authorization on March 1, 1988. On April 16, 2007, the Department of Homeland

---

[*]The Honorable Dan Aaron Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

Security ("DHS") personally served Petitioner with a Notice to Appear, charging him pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), with being removable for illegally entering the country without having been admitted or paroled.

Petitioner initially appeared before an Immigration Judge on May 1, 2007, where he was advised of the nature and purpose of the hearing, his right to counsel, and free legal services available to him. During the hearing, Petitioner admitted the factual allegations against him and conceded that he was removable. The Immigration Judge then informed Petitioner of his potential eligibility for relief under Section 240A(b)(1) of the INA, 8 U.S.C. § 1229b(b)(1), Cancellation of Removal and Adjustment of Status for Certain Non-Permanent Residents.

Pursuant to the information provided by the Immigration Judge, Petitioner applied for cancellation of removal. Petitioner erroneously attempted to file Form EOIR 42A, Cancellation of Removal for Lawful Permanent Residents, rather than Form EOIR 42B, Cancellation of Removal for Non-Permanent Residents. The Immigration Judge provided the correct form and, after Petitioner requested the opportunity to seek counsel, set a hearing date for filing the form and appearing with counsel.

The hearing was postponed twice. First, because Petitioner did not have counsel or his completed application; then because background checks had not been performed. The hearing was eventually held on September 25, 2007, at which time Petitioner represented he no longer sought cancellation of removal and instead sought voluntary departure from the court. The Immigration Judge explained that if he did not seek cancellation of removal under Section 240A(b)(1), 8 U.S.C. § 1229b(b)(1), he would lose the opportunity to pursue relief under this section in the future. Petitioner acknowledged that he understood the consequence of his request. Accordingly, the

Immigration Judge granted Petitioner's request, giving him until January 22, 2008, to voluntarily depart the United States. The Immigration Judge's grant of pre-order voluntary departure waived appeal to the Board of Immigration Appeals ("BIA").

On January 23, 2008, Petitioner filed a motion to reopen his removal proceedings ("motion to reopen" or "motion") to apply for cancellation of removal under Section 240A(b)(1), 8 U.S.C. § 1229b(b)(1). The Immigration Judge denied Petitioner's motion on February 6, 2008, on two grounds. First, the motion to reopen was not timely under 8 C.F.R. § 1003.23(b)(1) as it was filed more than ninety days after the underlying removal ruling. Second, by not voluntarily departing by January 22, 2008, Petitioner was statutorily ineligible for cancellation of removal under Section 240B(d)(1)(B) of the INA, 8 U.S.C. § 1229c(d)(1)(B).

Petitioner filed a notice of appeal with the Board of Immigration Appeals on March 5, 2008. Petitioner argued that his motion to reopen was timely under Section 240B(d)(1)(B) of the INA, 8 U.S.C. § 1229c(d)(1)(B), and requested that the BIA *sua sponte* reopen his removal proceedings. The BIA affirmed the holding of the Immigration Judge. The BIA ruled that Petitioner's motion to reopen was untimely because it was due on or before December 26, 2007, ninety days from the Immigration Judge's grant of voluntary departure; Petitioner was ineligible for cancellation of removal because he failed to comply with the voluntary departure; and it could not *sua sponte* reopen the case because, under 8 C.F.R. § 1003.2(a), Petitioner's acceptance of voluntary departure and waiver of appeal meant the BIA did not render a decision in the matter and therefore lacked jurisdiction.[1] Moreover, the BIA noted that even if it had the power to reopen, Petitioner failed to

---

[1] Under 8 C.F.R. § 1003.2(a), the BIA can only reopen a case where it rendered a decision.

present an exceptional situation warranting reopening, as Petitioner had many opportunities to file a proper cancellation of removal.

## II.

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *See Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). Discretion is abused when the BIA denied the motion "without a rational explanation, inexplicably departed from established policies, or rested [its decision] on an impermissible basis such as invidious discrimination against a particular race or group." *Id*. (internal quotation marks and citations omitted).

Petitioner argues that the BIA abused its discretion by denying his motion to reopen for being untimely and failing to rule on his motion to withdraw his request for voluntary departure. He contends that under *Dada v. Mukasey*, 128 S.Ct. 2307 (2008), he should have been permitted an opportunity to file a motion to reopen and withdraw his request for voluntary departure because his motion and withdrawal request were made prior to the expiration of the voluntary departure period.[2]

We find that the BIA did not abuse its discretion in affirming the Immigration Judge's decision. According to 8 C.F.R. § 1003.23(b)(1), "[a] motion to reopen must be filed within 90 days of the date of entry of a final administrative order of removal, deportation, or exclusion." The Immigration Judge granted an order of voluntary departure on September 25, 2007. Petitioner's ninety day period to file a motion to reopen would have expired on December 24, 2007; however, because December 24 and 25 were federal holidays, Petitioner had until December 26, 2007, to file his motion. Petitioner did not file his motion to reopen until January 23, 2008, well after the ninety-

---

[2]Petitioner does not challenge the BIA's decision that it could not *sua sponte* reopen the case because it did not render a decision in the matter.

day period had expired.

Relying on *Dada*, Petitioner asserts that his motion to reopen was timely filed because it was filed before the voluntary departure date. Even if the motion to reopen was filed prior to the voluntary departure date, a contention discussed and rejected *infra*, the Supreme Court's holding in *Dada* does not support the proposition that the deadline for Petitioner's motion to reopen should have been the voluntary departure date and not ninety days subsequent to the order of removal.

In *Dada*, the BIA affirmed an Immigration Judge's grant of voluntary departure, ordering Dada to depart within thirty days. *Dada*, 128 S.Ct. at 2311. Before the end of that period, Dada sought to withdraw his voluntary departure request and filed a timely motion to reopen removal proceedings. *Id*. After the voluntary departure period expired, the BIA denied Dada's request, holding that an alien who has been granted voluntary departure but does not depart within the voluntary departure period is statutorily barred from receiving a status adjustment. *Id*. at 2312. The Supreme Court reversed and remanded, holding that an "alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen." *Id*. at 2319.

Unlike the *Dada* petitioner's motion, Petitioner's motion to reopen was not only untimely, it was filed *after* his voluntary departure date. Under Section 240B(d)(1)(B) of the INA, 8 U.S.C. § 1229c(d)(1)(B), "if an alien is permitted to depart voluntarily under this section and voluntarily fails to depart the United States within the time period specified…[he] shall be ineligible for a period of 10 years to receive any further relief under this section and sections 1229b, 1255, 1258, and 1259 of this title." Section 1229b contains provisions for cancellation of removal and adjustment of an alien's status. By not filing his motion to reopen before his voluntary departure date of January 22,

5

2008, Petitioner is not eligible for cancellation of his removal or for adjustment of his status for ten years. While Petitioner argues that he filed his motion before his voluntary departure date, there is no basis for this contention. The time stamp on Petitioner's motion is dated January 23, 2008. Petitioner dated the motion January 21, 2008, but argues that he could not file the motion on January 21, 2008, because of the Martin Luther King Jr. federal holiday, and that it was instead "sent out" on January 22, 2008. However, Petitioner has not explained why the date stamp on his motion should be ignored and the date of filing should instead be considered January 21 or January 22. Petitioner's motion to reopen was therefore filed after his voluntary departure date. The BIA thus did not abuse its discretion in determining that Petitioner was not eligible for cancellation of removal.

Finally, we reject Petitioner's argument that the BIA never ruled on his motion to withdraw his request for voluntary departure. Neither the motion to reopen before the Immigration Judge nor the notice of appeal to the BIA refer to a motion to withdraw the request for voluntary departure. As Petitioner did not bring the issue before the BIA, the BIA obviously did not abuse its discretion in not ruling on the motion to withdraw the request for voluntary departure.

**III.**

For the reasons set forth *supra*, the Board of Immigration of Appeals did not abuse its discretion in dismissing Petitioner's appeal of the Immigration Judge's decision. Accordingly, we deny the petition for review.