NOONAN, Circuit Judge,
dissenting:
Vino Kumar Saval died in February 2007, before any petition on his behalf was considered by this court. His case is beyond our jurisdiction. We are not deciding it.
The petition for asylum by Saval’s wife, Gita Kamala Nanikram, is what is known as a “derivative claim.” Her claim is dependant on her husband’s receipt of asylum status from the Attorney General. 8 U.S.C. § 1158(b)(3). Even if the BIA had erred in denying Saval’s asylum claim, we could not remand for the Attorney General to grant asylum to someone who is no longer alive. As the BIA’s regulations make plain, if the spousal relationship ends before the Attorney General approves an asylum application, a derivative application must be rejected. See 8 C.F.R. § 1208.21(b); see also, e.g., Haddad v. Gonzales, 437 F.3d 515, 516 n.2 (6th Cir.2006) (“The regulations make a spouse’s receipt of this derivative benefit contingent on the spousal relationship being in existence when the principal alien’s asylum application is approved.”). Because we have no way of granting Nanikram the relief she seeks, her petition is moot. See, e.g., Church of Scientology of Cal. v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (“[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant ‘any effectual relief whatever’ to a prevailing party, the appeal must be dismissed.” *672 (quoting Mills v. Green, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895))).
As night follows day, Nanikram’s petition must be dismissed for lack of jurisdiction.[1]

. Whether Nanikram's derivative claim is denied on the merits or dismissed for lack of jurisdiction, she is not precluded from filing her own independent application for asylum. See 8 C.F.R. § 208.14(f).