**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a1060n.06

No. 11-4072

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Oct 09, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| WESAM MICHIEL YOUSIF, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  SILER, COLE, and SUTTON, Circuit Judges.

PER CURIAM.  Wesam Michiel Yousif, a citizen of Iraq, petitions for review of an order of the Board of Immigration Appeals denying his motion to reopen his removal proceeding.

Yousif was born in 1974, entered this country in 2000, and applied for asylum, withholding of removal, and protection under the Convention Against Torture.  He claimed to have been persecuted and to fear future persecution in Iraq because he is a practicing Chaldean Christian.

Yousif testified before an immigration judge (IJ) that he had been arrested and detained on three occasions in Iraq.  First, he was accused of having falsified papers allowing him to take leave from military service and was briefly detained by military authorities.  Second, he alleged that he was arrested and charged with smuggling weapons in a case of mistaken identity.  Only the third of the alleged arrests was related to Yousif's claim of religious persecution.  He claimed that he had been detained by military authorities for arguing with his superior officer over whether he could take leave to spend a Christian holiday with his family.  The IJ found that Yousif's claim lacked credibility

because he lacked basic knowledge about Christianity such as when Easter and Christmas are celebrated and what those holidays represent. Yousif also failed to present any corroboration beyond his cousin's testimony. Therefore, the IJ denied all relief.

Although the government prevailed, it appealed the IJ's decision to the Board of Immigration Appeals (BIA), arguing that the IJ erred in failing to deny Yousif's application on the additional ground that he participated in persecuting Kurds during his military service. The BIA concluded that it did not need to resolve this issue, as Yousif's application for relief had been denied. Therefore, the appeal was dismissed.

Approximately six months later, Yousif moved to reopen the proceeding, arguing that conditions in Iraq had worsened for Christians. He also again presented a copy of a document that purported to show that he had been baptized as an infant. He also presented his parents' and sister's baptism documents, which he claimed were unavailable at the time of his initial hearing. The BIA found that the new evidence of worsening conditions for Christians in Iraq was not material, as Yousif's application had been denied based on his lack of credibility. The motion to reopen was therefore denied. Yousif petitioned this court for review. We granted his motion for a stay of removal pending this decision.

We review the denial of a motion to reopen for an abuse of discretion. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). An abuse of discretion will be found where the denial is without rational explanation, departs from established policies, or is based on discrimination. *Id.*

There is no time limit for filing a motion to reopen based on changed country conditions. 8 C.F.R. § 1003.2(c)(3)(ii). Therefore, this motion to reopen was timely, as it contained an argument that conditions in Iraq were worsening for Christians. However, a motion to reopen must be based

on material evidence. *Allabani v. Gonzales*, 402 F.3d 668, 675-76 (6th Cir. 2005). Here, the BIA properly concluded that evidence of worsening conditions for Christians in Iraq was not material where the IJ had concluded that Yousif had not credibly established that he was a practicing Christian, and Yousif had not appealed that decision. *See Sako v. Gonzales*, 434 F.3d 857, 866 (6th Cir. 2006). Moreover, the additional documents presented in the motion were insufficient to overcome the IJ's adverse credibility finding.

The BIA explained its denial of the motion to reopen, noting that Yousif had not presented any material evidence. Yousif has shown no departure from established policies or discriminatory basis for the denial, and, therefore, no abuse of discretion is apparent. The petition for review is denied.