NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0561n.06

No. 13-4494

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Jul 25, 2014*
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| XIU DONG LIN, | ) |
| | ) |
| Petitioner, | ) |
| | )  ON PETITION FOR REVIEW |
| v. | )  FROM THE UNITED STATES |
| | )  BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | )  APPEALS |
| | ) |
| Respondent. | ) |

BEFORE:  BOGGS, CLAY, and GILMAN, Circuit Judges.

PER CURIAM.  Xiu Dong Lin, a citizen of China, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an immigration judge (IJ) denying his motion to reopen his order of removal.

Lin was born in China in 1978.  He illegally entered this country in 1999.  He was ordered removed in absentia in 2000.  In 2002, he filed a motion to reopen the proceedings, arguing that he did not receive notice of his hearing.  That motion was denied.  Lin did not leave this country, but stayed, married, and had three children.  In 2012, he filed another motion to reopen his proceedings.  He asserted that he had become a Christian the previous year, and that if he now returned to China he would be persecuted on that basis, because conditions for Christians in China had worsened since he was ordered removed from this country.

The IJ found that the motion was numerically barred and untimely.  He also found that Lin had not demonstrated changed country conditions that would allow him to file for reopening.

The BIA adopted the IJ's decision, specifically agreeing that changed country conditions were not established. This petition for review followed. Lin argues that he did establish that conditions for Christians in China have worsened since his original removal order.

We review the denial of a motion to reopen for an abuse of discretion, *Bi Feng Liu v. Holder*, 560 F.3d 485, 489 (6th Cir. 2009), which will be found if the decision lacks a rational explanation, inexplicably departs from established policy, or has an impermissible basis. *See Zhang v. Mukasey*, 543 F.3d 851, 854 (6th Cir. 2008). In order to file a numerically barred and untimely motion to reopen, Lin was required to establish changed country conditions. *See Haddad v. Gonzales*, 437 F.3d 515, 517-18 (6th Cir. 2006). We find no abuse of discretion in the conclusion that Lin failed to show that conditions for Christians in China have worsened since his order of removal. *See Pllumi v. Attorney Gen. of the United States*, 642 F.3d 155, 161 (3d Cir. 2011). Proof that a preexisting condition continues is insufficient to establish changed country conditions. *See Kucana v. Holder*, 603 F.3d 394, 397 (7th Cir. 2010). Here, there was ample evidence that harassment of unregistered Christian churches in China was ongoing at the time of Lin's original order of removal. Showing that such incidents continue to occur was therefore insufficient to justify the filing of a second, untimely motion to reopen, because no material difference in the threat to unregistered Christians was established. Lin argues that *Shu Han Liu v. Holder*, 718 F.3d 706 (7th Cir. 2013), is a similar case. However, in that case, the court found that the agency had failed to consider the conditions existing at the time of the original order of removal and compare them to the current conditions. *Id*. at 712. No such error occurred here. The decision denying the motion to reopen followed policy, was rational, and rested on no impermissible basis. Therefore, the petition for review is denied.