**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0895n.06

No. 13-4336

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Dec 03, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| CONSOLATA JEPKORIR KISANG, | ) |
| | ) |
| Petitioner, | ) |
| | ) ON PETITION FOR REVIEW |
| v. | ) FROM THE UNITED STATES |
| | ) BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) APPEALS |
| | ) |
| Respondent. | ) |

BEFORE: SILER, SUTTON, and STRANCH, Circuit Judges.

PER CURIAM. Consolata Jepkorir Kisang, a citizen of Kenya, petitions through counsel for review of an order of the Board of Immigration Appeals (BIA) denying her motion to reopen her removal proceeding.

Kisang was born in Kenya in 1981. She attended Eastern Michigan University on an athletic scholarship with a student visa. After her graduation, she became removable for failing to maintain student status. She was scheduled for a hearing before an immigration judge (IJ), but did not attend. She alleged that she was suffering from severe morning sickness while pregnant with her second child. She testified that she and her husband panicked about missing the hearing, and decided to submit an application for asylum, in which she alleged that she feared returning to Kenya because of violence between tribes. She reported in the application that her parents and two siblings were deceased. Kisang was ordered removed to Kenya in absentia. She subsequently succeeded in having her proceeding reopened. She submitted a new asylum

application, now alleging that she feared persecution based on her political opinion, religion, and gender, noting that she feared that she and her daughter would be subjected to female genital mutilation. In this application, Kisang reported that her mother and two siblings were living, and that her father and two other siblings were deceased. Kisang appeared for a merits hearing before the IJ, who noted the discrepancies between the two applications. Kisang's counsel stated that he had not seen the first application before. The hearing was continued to allow Kisang to consult with her attorney and address the discrepancies. At the continued hearing, Kisang testified that her first application did not include all of her claims because she was ill and panicked and allowed her husband to fill out the application. She also explained that he did not know her family. The IJ denied all relief and found that Kisang had submitted a frivolous application. The IJ's decision was upheld by the BIA and this court.

Kisang next moved to reopen her proceeding on the ground of ineffective assistance of counsel. She argued before the BIA that her attorney should have advised her not to file for asylum because her application was untimely, and should have prepared her to address the discrepancies between her two applications. She argued that her attorney's performance prejudiced her because, due to the finding that she filed a frivolous application, she was now ineligible for a U visa, granted to applicants who have been the victims of crime and have cooperated in the conviction of the criminals responsible. Kisang had applied for a U visa based on her husband's conviction of domestic violence against her, but because of the finding that she filed a frivolous asylum application, she is ineligible for any relief. The BIA rejected her arguments and denied the motion to reopen. Kisang repeats her arguments before this court.

We review the denial of a motion to reopen removal proceedings for an abuse of discretion. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). We find no abuse of

discretion in the BIA's conclusion that Kisang has not demonstrated ineffective assistance of counsel. She argues that her attorney did not prepare her to address the discrepancies between her two applications at the hearing. However, Kisang bears the responsibility for failing to reveal the falsehoods in her applications to counsel. *See Lazar v. Gonzales*, 500 F.3d 469, 476 (6th Cir. 2007). Kisang attempts to distinguish her situation from *Lazar* by arguing that Lazar admitted lying in his applications, which she has not done. The IJ rejected Kisang's attempted explanation of the discrepancies and found that Kisang had fabricated the claims in her second application. Although she continues to deny this, she is still responsible for her failure to be candid with her attorney and show him her original application. Kisang also argues that her counsel was ineffective in allowing her to file an untimely asylum application. The record shows that counsel made plausible arguments to excuse the untimely filing, including that conditions in Kenya had worsened and that Kisang had been attempting to maintain her status by applying for graduate school and the diversity visa lottery. Under these circumstances, counsel was not ineffective in advising Kisang that her chances of relief were better with an asylum claim than with an application for withholding of removal, which has a higher threshold of eligibility. Moreover, even if Kisang had withdrawn her application for asylum, it could still have been the basis for a finding of a frivolous filing. *See id.*

Kisang has not shown that, but for the alleged ineffectiveness of her former counsel, she would have been entitled to continue residing in the United States. *See Sako v. Gonzales*, 434 F.3d 857, 864 (6th Cir. 2006). Even if she had abandoned her asylum claim, she would not have been granted relief in the proceeding under review, and she may have still been found to have filed a frivolous application. Because Kisang has not shown any abuse of discretion by the

BIA in the denial of her motion to reopen her removal proceeding, we deny her petition for

review.