**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0086n.06

**No. 08-4049**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 10, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| YANG LIN, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) ON PETITION FOR REVIEW OF |
| | ) AN ORDER OF THE BOARD OF |
| ERIC H. HOLDER, JR., | ) IMMIGRATION APPEALS |
| | ) |
| Respondent. | ) |

Before:  BOGGS, GILMAN and ROGERS, Circuit Judges.

PER CURIAM.  Yang Lin ("Lin"), a Chinese native and citizen, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen proceedings for asylum and withholding of removal.  Lin is the father of one Chinese-citizen daughter, who was born prior to his leaving the country, and two American-citizen daughters, who were born after his illegal entry into the United States.  Lin claims that evidence submitted to the BIA in support of his motion to reopen establishes that the Board's  prior denial of his asylum and withholding claims, in which the BIA concluded that he would not face compulsory sterilization for violating Chinese family planning laws if he were returned to China, was ultimately based upon a faulty translation of documents appended to a State Department profile of that country.  Upon review of his motion to reopen, the BIA concluded both that Lin had failed to make out a prima facie case for reopening, in that his evidence did not establish a likelihood that he would succeed on the merits if his case were reopened, and that it was within the Board's discretion to deny the petition even were Lin able to

establish a prima facie case. Because these conclusions were not made without a rational explanation, did not inexplicably depart from established policies, and did not rest on impermissible bases, the BIA's decision did not constitute an abuse of discretion. We therefore deny Lin's petition.

Much of the relevant factual and procedural history in this case has been set forth in our previous decision on Lin's appeal from the denial of his asylum claim. *See Lin v. Holder*, 320 F. App'x 428, 429–31 (6th Cir. 2009). In that case, we reviewed an order of the BIA denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture. In denying Lin's petition for review, we held that substantial evidence supported the underlying decision of an Immigration Judge that Lin's testimony was not credible; that Lin's evidence did not sufficiently demonstrate that the birth of his second child in the United States gave rise to a well-founded fear of future persecution under the People's Republic of China's "one child" policy; and that the BIA had not abused its discretion in denying Lin's motion to reopen and remand. *Id.* at 432–33, 436–37.

On March 31, 2008, while his appeal to this court on the merits of the denial of his asylum claim was pending, Lin also filed a motion to reopen with the BIA. That motion was described by the BIA as being "based on the purported birth of his third child, again contending that he fears a return to China on account of the coercive population control practices there." In support of his motion to reopen, Lin included a variety of documents, including his own statement, various background documents, and Internet materials. Lin also submitted a 34-page memorandum on the population control practices in Fujian province (the "Fujian memorandum"), which, among other

things, purported to correct certain translation errors in the State Department's publication entitled

"China:  Profile of Asylum Claims and Country Conditions" ("2007 Profile").

On July 29, 2008, the BIA denied Lin's March 31, 2008 motion to reopen.  In its opinion, the

BIA held that all of Lin's background documents were either inappropriate for consideration because

they predated the merits hearing and no showing had been made that they were previously

unavailable, or they did not support Lin's contention that he would be sterilized upon his return to

China.  The BIA further found that the Fujian memorandum's discussion of translation errors in the

2007 Profile was insufficient to establish that the State Department's translation was faulty, or that

the errors, even if proven, would be likely to change the outcome of his case if asylum proceedings

were reopened.  Finally, as an independent ground for denial, the BIA denied reopening "as a matter

of discretion," citing the Immigration Judge's prior finding that Lin had not provided credible

testimony as a reason to choose not to favorably exercise its broad discretion over motions to reopen.

This appeal of the BIA's denial of Lin's March 31, 2008 motion timely followed.

**II**

We have jurisdiction to review the denial of a motion to reopen because the BIA's discretion

in such matters is conferred by the Attorney General rather than by statute.  *Kucana v. Holder*, 558

U.S. ___, 2010 WL 173368, at *11 (Jan. 20, 2010) (slip op.); *see also Haddad v. Gonzales*, 437 F.3d

515, 517 (6th Cir. 2006).

A decision to grant or deny a motion to reopen is generally within the discretion of the BIA.

8 C.F.R. § 1003.2(a).  Such a motion requires that an alien make a showing that he is both statutorily

eligible for the underlying relief sought (such as asylum) and that he warrants relief in the exercise

of discretion. *See, e.g.*, *INS v. Doherty*, 502 U.S. 314, 323 (1992); *Matter of Coelho*, 20 I. & N. Dec. 464 (BIA 1992). Thus, even when the moving party has made out a prima facie case for relief, the BIA retains discretion to deny a motion to reopen. 8 C.F.R. § 1003.2(a); *INS v. Abudu*, 485 U.S. 94, 105 (1988). This discretion permits the BIA to consider, among other things, whether the moving party has been the subject of an adverse credibility determination. *See In re S–Y–G–*, 24 I. & N. Dec. 247, 252 (BIA 2007) ("In this regard, we note that we are not inclined to favorably exercise discretion in the case of an alien . . . who was previously found to have offered incredible testimony to gain immigration benefits").

Because a decision to grant or deny a motion to reopen is within the discretion of the BIA, this court reviews the BIA's denial of a motion to reopen for an abuse of discretion. *Haddad* at 517. This standard requires us to decide whether the denial of the motion to reopen "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005) (quoting *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)).

**III**

We find no error in the BIA's decision to deny Lin's motion to reopen as a matter of discretion. With respect to these grounds, the Board held that

> [t]he record reflects that the Immigration Judge previously found that the respondent did not provide credible testimony in support of his prior asylum claim of persecution on account of the coercive population control practices in China. The Immigration Judge's adverse credibility finding was affirmed by this Board on January 23, 2008. The Board has broad discretion over motions to reopen which, in light of the record here, we choose not to exercise favorably.

Such a decision is fully consistent with the Board's enunciated standard in *In re S–Y–G–*, which explains the Board's hesitation to permit an alien to reopen asylum proceedings once he has been found to lack credibility. In particular, "[m]otions for reopening of immigration proceedings are disfavored for the same reasons as are petitions for rehearing and motions for a new trial on the basis of newly discovered evidence." *In re S–Y–G–*, 24 I. & N. Dec. at 252 (quoting *Doherty*, 502 U.S. at 323). *See also Abudu*, 485 U.S. at 107 ("The reason[] why motions to reopen are disfavored in deportation proceedings . . . [is that there] is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases."); *INS v. Jong Ha Wang*, 450 U.S. 139, 143 n.5 (1981) ("Granting such motions too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case.").

The Immigration Judge in this case conducted an extensive analysis of Lin's testimony and the accompanying evidence, and concluded that he was not a credible witness. In addition to numerous other discrepancies, the Immigration Judge found Lin's testimony to be incredible in that he claimed he was told by the authorities that he would be sterilized if he did not report to the Birth Planning Office within two days of his wedding, despite never indicating in his written statement that such a threat had been made. In our decision upholding the denial of Lin's asylum claim, we characterized this discrepancy as "clearly enhanc[ing] Lin's application and go[ing] to the heart of his fear of persecution." *Lin*, 320 F. App'x at 433.

Thus, Lin has been found to lack credibility on an issue essential to his request for relief, a fact that the BIA ruled was a sufficient basis for it to withhold a discretionary grant of relief. This

explanation is not irrational, nor does it depart from established policies, nor does it rest on an impermissible basis. It is therefore neither arbitrary nor capricious.

**IV**

Having found no error in the BIA's denial of Lin's motion to reopen on discretionary grounds, we need not address the question of whether Lin's proffered evidence made out a prima facie case for asylum. With respect to his contention that his due process rights were violated by the BIA's citation of a case that, in turn, cited a State Department report containing a mistranslation, we find no evidence in the record that Lin's own asylum claim would have been decided differently if the alleged translation error had been corrected. *See Gishta v. Gonzales*, 404 F.3d 972, 979 (6th Cir. 2005) ("A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings; we will not simply presume prejudice.").

The petition for review is therefore **DENIED**.