**Arben MARTINI, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

**No. 03–3100, A78 649 065.**

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioner.

John D. Williams, Linda S. Werney, Washington, DC, for Respondents.

Before BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and WISEMAN, District Judge.*

### ORDER

Petitioner Arben Martini, a native and citizen of Albania residing in Michigan, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of his application for asylum and withholding of removal. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. 34(a).

On February 5, 2000, Martini was admitted into the United States as a non-immigrant visitor for pleasure and authorized to remain until August 4, 2000. His stay extended beyond that date, and the Immigration and Naturalization Service commenced removal proceedings on that basis.

At a preliminary hearing held on October 31, 2000, Martini conceded removability and indicated that he was seeking asylum, withholding of removal, voluntary departure, and relief under the United Nations Convention against Torture. Martini refused to designate a country, and the immigration judge ("IJ") designated Albania. On March 1 and 20, 2001, the IJ conducted a removal hearing at which Martini testified about alleged instances of past persecution and his fear of future of persecution should he return to Albania. Bernd Fischer, Ph.D., testified on Martini's behalf about the political and social conditions in Albania. Alfons Grishaj, Martini's friend from Albania, testified about Martini's association with the Democratic Party in Albania and attempted to corroborate Martini's allegations of past persecution and fear of future persecution. The IJ found that Martini was not a credible witness and rejected his application for asylum and withholding of removal and denied him relief under the Torture Convention. The BIA affirmed the IJ's decision without opinion.

Martini appeals on the grounds that the BIA denied him due process by its use of the summary affirmance procedure set forth in 8 C.F.R. § 1003.1(a)(7). However, we have held that this regulation comports with due process in the absence of specific evidence that the BIA failed to exercise its review function as to this particular IJ opinion. *Denko v. INS*, 351 F.3d 717, 728–30 (6th Cir.2003). Martini also claims that the IJ's factual findings, adopted by the BIA, were in error. We must affirm the IJ's factual determinations as adopted by the BIA where, as here, they are supported by substantial evidence. *Hammer v. INS*, 195 F.3d 836, 840 (6th Cir.1999). The IJ based his credibility determination upon various inconsistencies between Martini's testimony and his initial, written, testimonial application for asylum, for example Martini's inexplicable failure to so much as mention in writing the assassination attempts as to which he later testified orally. We cannot say that the IJ's determinations were so baseless as to compel reversal. *See ibid.*

Because the BIA's decision was supported by substantial evidence, the petition for review is denied.

---

\* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.