NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0242n.06

No. 09-4429

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Apr 18, 2011**

LEONARD GREEN, Clerk

MARGERITA MARTINI, GJONETO MARTINI,
ANTONETA MARTINI, NIKOLETA MARTINI,

    Petitioners,

        v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

On Petition for Review of an
Order of the Board of
Immigration Appeals

---

**Before:**     **GUY, CLAY, and McKEAGUE, Circuit Judges.**

    **RALPH B. GUY, JR., Circuit Judge.**     Petitioners Margerita Martini and her children, natives of Albania, seek review of a final order of removal issued by the Board of Immigration Appeals (Board). Their motion to reopen removal proceedings was denied by the Board as untimely. Petitioners claim their motion falls under an exception to the applicable 90-day time limit, asserting changed circumstances in Albania. Finding no abuse of discretion in the Board's determination that petitioners failed to establish an exception to the filing deadline, we deny the petition for review.

**I.**

    Petitioners Margerita Martini and her three children, Gjoneto, Antoneta, and Nikoleta (referred to herein as "petitioners" or the "Martinis") are natives of Albania. They entered

the United States on May 1, 2001 without valid documentation, and removal proceedings began thereafter. The Martinis petitioned for asylum and withholding of removal on the basis that Mrs. Martini's and her husband's active participation in the Democratic Party had resulted in past persecution and left her in fear of future persecution.[1] Mrs. Martini described assassination attempts against her husband, attempts to kidnap her son, and her own abduction and rape by a group including Albanian police officers. The Martinis' petition was denied by an Immigration Judge (IJ) in 2005 on the ground that Mrs. Martini was not credible. That decision was upheld by the Board in November 2007, and we denied the Martinis' petition for review. *Martini v. Mukasey*, 314 F. App'x 819 (6th Cir. 2008). In our decision we found no violation of the Martinis' due process rights by the IJ and that substantial evidence supported the IJ's credibility determinations. *Id*. at 824-26.

The Martinis submitted a motion to reopen removal proceedings on May 5, 2009, approximately 18 months after the Board's 2007 decision. The Board denied the motion in October 2009 as untimely, rejecting the Martinis' assertion that changed country conditions supported their request. This petition for review followed.

## II.

Subject to certain exceptions, motions to reopen orders denying asylum or withholding of removal must be filed within 90 days of the order made by the Board. 8 U.S.C. § 1229a(c)(7)(C)(i). The time limit does not bar a motion to reopen, however, if it is:

---

[1]Martini's husband's petition was also denied. *See Martini v. Ashcroft*, 104 F. App'x 562 (6th Cir. 2004).

based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.

8 U.S.C. § 1229a(c)(7)(C)(ii).

Denials of motions to reopen are reviewed under the abuse-of-discretion standard. *Acquaah v. Holder*, 589 F.3d 332, 334 (6th Cir. 2009) (citing *Bi Feng Liu v. Holder*, 560 F.3d 485, 489 (6th Cir. 2009)). An abuse of discretion exists where "the denial of the motion to reopen 'was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group.'" *Bi Feng Liu*, 560 F.3d at 490 (quoting *Allabani v. Gonzales*, 402 F.3d 668, 675 (6th Cir. 2005)).

The Martinis asserted that changed country conditions in Albania entitled them to the reopening of their removal proceedings under 8 U.S.C. § 1229a(c)(7)(C)(ii). Specifically, they claimed that in March 2009, after the final order of removal, two men in police uniforms forced their way into the home of Mrs. Martini's mother and father-in-law, Mr. and Mrs. Dedvukaj, harassing them and "destroy[ing]" the home.[2] The motion referenced attached declarations of Mr. and Mrs. Dedvukaj, stating that the intruders threatened to harm Mrs. Martini upon her return from the United States if she did not withdraw her allegations of being attacked in April 2000. The motion also referred to an attached article, reportedly from a trilingual newspaper called The Shqiperia Etnike, describing the events in both English and

---

[2]The Martinis attached a certificate with their motion to support their assertion that the in-laws changed their name from "Martini" to "Dedvukaj" in 2004.

Albanian. Finally, the Martinis included an affidavit prepared by an individual named Ferdi Sterkaj, described as a local Democratic Party leader, stating that he had read the article and believed Mrs. Martini's life would be in danger if she were to return to Albania.

The Martinis asserted that the new evidence they submitted with their motion to reopen was not available at the time of the hearing leading to the 2007 decision, and it demonstrated that Mrs. Martini would face persecution in Albania if she were to go back there. The Board, finding the request to be untimely and not subject to the "changed country conditions" exception to the filing deadline, denied the motion to reopen. The Board emphasized that the Martinis had failed to address the adverse credibility finding made by the Immigration Judge, and noted a "number of reasons" to question the evidence submitted with the motion to reopen.[3] The Board then noted that the petitioners had not submitted any additional evidence to show that "the Albanian police are currently harassing or targeting family members of persons active in the Democratic Party."

In their petition for review of the Board's decision, the Martinis assert that the Board "did not articulate a reasoned basis for denying the motion and [] failed to consider all of the aspects of Ms. Martini's claim." They request that we remand the case for further fact-finding. The Martinis argue that the newspaper article was published online, and assert that a "simple Google search" would have alerted Mrs. Martini's Albanian enemies of the assertions she made against them in her petition for asylum. Finally, the Martinis complain

---

[3]For instance, the Board questioned the surname of Dedvukaj, rather than Martini; how the police would have known of Mrs. Martini's claim, in U.S. asylum proceedings, concerning her attack in 2000; and the source of the information given to the newspaper or newsletter.

of the Board's reference to The Shqiperia Etnike as an apparently "partisan" newsletter, asserting that a determination about the credibility of the evidence presented would best be made by an Immigration Judge.

We find no abuse of discretion in the Board's determinations. As the government contends, the Martinis have "failed both to demonstrate changed circumstances in Albania to excuse their untimely filing and to establish prima facie eligibility for asylum." The Martinis' "new" assertions of changed circumstances in Albania relate only to Mrs. Martini's claim that she faces future persecution in Albania. This claim was adjudicated in 2007, and affirmed in our previous decision. *See Martini*, 314 F. App'x at 824-25. The Martinis' allegations that Albanian policemen are angry about Mrs. Martini's reports to the United States Government via her immigration filings could not establish that she has "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

The Martinis have not met their burden of demonstrating prima facie eligibility for asylum, required for the relief they seek. *See Zhang v. Mukasey*, 543 F.3d 851, 854-55 (6th Cir. 2008) (finding that the Board properly denied motion to reopen when petitioner failed to overcome prior adverse credibility determination). The decision of the Board was explicit in describing how the Martinis had failed to (1) address the underlying credibility determination; (2) submit objective evidence in support of the newly described incidents; and (3) submit additional evidence of circumstances in Albania to show targeting of Democratic Party members. This action by the Board neither lacks a rational explanation nor rests on an

impermissible basis, and was within the broad discretion it is afforded on motions to reopen.

*See Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006).

Accordingly, we **DENY** the petition for review.